UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PATRICK,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 08-CV-732-L<br>Criminal No. 02-CR-1714-L (1)<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2); AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

On April 18, 2008, Petitioner Timothy Patrick ("Petitioner"), proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Concurrently, Petitioner also filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon retroactive amendments to the Federal Sentencing Guidelines pertaining to *crack cocaine* offenses which became effective March 3, 2008. Respondent has filed a response and opposition, and Petitioner filed a reply. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DENIES** both of Petitioner's motions.

## BACKGROUND

A superseding indictment filed in December 2003 charged Petitioner with Conspiracy to Possess with Intent to Distribute at Least 500 Grams of Cocaine (Count 1) and Possession of

1  Cocaine with Intent to Distribute (Count 2).  Petitioner was convicted by a jury of both counts in
2  April 2005.  In December 2005, this Court sentenced Petitioner to 211 months of imprisonment.
3  The Court determined that Petitioner's base offense level was 28 because the offense involved
4  two kilograms of cocaine.  The Court also found that Petitioner was an "organizer/leader,"
5  which increased the offense four additional levels.  The total offense level of 32, coupled with
6  Petitioners criminal history category of V, resulted in a Guideline advisory range of 188-235
7  months.  The Court notes that no cocaine base figured into either Petitioner's Guideline
8  calculations or his sentence, since his offenses involved cocaine only.

## ANALYSIS

**1.     18 U.S.C. § 3582(c)**

Petitioner moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), based on Amendment 706 to the Sentencing Guidelines.  Amendment 706 generally reduced by two levels the base offense level for *crack cocaine* offenses in § 2D1.1(c) of the Sentencing Guidelines.  *See* Amendment 706, Supplement to Appendix C, Amendments to the Guidelines Manual.  The Sentencing Commission has given this amendment retroactive effect and has listed it in § 1B1.10(c) of the Guidelines, a requirement for retroactive amendments.  *See* U.S.S.G. § 1B1.10(c).

Petitioner, however, is not eligible for this reduction because no cocaine base figured into either his Guideline calculations or his sentence.  Petitioner's offenses involved cocaine, not cocaine base.  Therefore, Petitioner's motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.  Additionally, Petitioner's request for appointment of counsel for the purpose of discovery and any related evidentiary hearing(s) is also **DENIED** as moot.

**2.     28 U.S.C. § 2255**

Petitioner also moves to vacate or set aside his sentence based on ineffective assistance of counsel.  Petitioner's most specific claim is that his trial counsel erred by not advising him of the option to seek a bench trial on stipulated facts which would have allowed him to receive a reduction for acceptance of responsibility and pursue all sentencing arguments, while still

permitting "appellate review of [the] sufficiency of the evidence." (Doc. No. 540 at 35). Petitioner also complains that his trial counsel failed to "investigate or present available, material, exculpatory evidence at trial." *Id.* at 36. Petitioner, however, fails to provide any specific facts to support this assertion. Petitioner's remaining criticisms relate primarily to trial strategy and/or technique, all of which are conclusory criticisms and devoid of factual detail.

Regarding Petitioner's ineffective assistance of counsel claims, the Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court enunciated the test for determining whether a criminal defendant's counsel rendered ineffective assistance. In order to sustain a claim of ineffective assistance of counsel, the petitioner has the burden of showing both: 1) that his defense counsel's performance was deficient; and, 2) that this deficient performance prejudiced his defense. *Id.* at 690-92; *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995).

To satisfy the deficient performance prong of the *Strickland* test, the Petitioner must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed by defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland*. *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness). To satisfy the second prong, a section 2255 petitioner must show that he was prejudiced by the deficient representation he received. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Here, Petitioner has not identified any aspect of his counsel's performance that could be considered outside the range of competence demanded of attorneys in criminal cases. Even assuming Petitioner's trial counsel did not advise him of the option to seek a stipulated fact

bench trial, doing so is not unreasonable.  Petitioner's remaining claims are also without legal merit, and fail as a matter of law.  Petitioner fails to provide any specific facts to support his claims that his counsel was ineffective.  Accordingly, Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 18, 2008

_____
M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE